UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LITTON LOAN SERVICING, L.P.,

    Plaintiff,

    v.

JESUS VILLEGAS,

    Defendants.
_____/

No. C 10-05478 PJH

**ORDER GRANTING MOTION TO REMAND**

Before this court is plaintiff's motion to remand this matter to Contra Costa County Superior Court. Having carefully read the parties' papers and considered the relevant legal authority, the court hereby rules as follows.[1]

## BACKGROUND

This case stems from the purportedly unlawful detention of real property located 3111 Ursus Court, Antioch, California 94531 ("the Property"). Specifically, plaintiff Litton Loan Servicing LP ("Litton") alleges that defendant Jesus Villegas ("Villegas") is in possession of the Property without plaintiff's permission or consent. See Unlawful Detainer, Complaint at ¶ 2. Villegas had defaulted on his mortgage and the Property was sold to Litton on October 8, 2010, at a public foreclosure auction pursuant to a power of sale contained in a Deed of Trust, executed by Villegas, as trustor. See Unlawful Detainer, Exhibit A at ¶ 1, Complaint at ¶ 2.

Litton filed its complaint on October 27, 2010, in California Superior Court for the County of Contra Costa. The complaint alleges one cause of action. Litton alleges Villegas

---

[1] This court finds the motion appropriate for decision without further oral argument, as permitted by Civil L.R. 7-1(b) and Fed. R. Civ. P. 78. See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir. 1991) (holding that the court's consideration of the moving and opposition papers is deemed an adequate substitute for a formal hearing), cert. denied, 503 U.S. 920 (1992). Accordingly, the January 26, 2011 hearing date is VACATED.

1  is unlawfully detaining the Property and that Litton is entitled to immediate possession of
2  the Property.  Villegas filed an answer to the unlawful detainer complaint on or about
3  November 1, 2010.
4       On December 3, 2010, Villegas filed a notice of removal, alleging diversity
5  jurisdiction and federal question jurisdiction.
6       Litton now moves for an order remanding the case to state court.

**DISCUSSION**

A.    Legal Standard

     Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000.  Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States.  If a defendant has improperly removed a case over which the federal court lacks subject matter jurisdiction, the federal court shall remand the case to state court.  28 U.S.C. § 1447(c).  The removing party bears the burden of establishing that removal is proper.  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1998).  There is a strong presumption in favor of remand.  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04 (9th Cir. 1996).

B.    Legal Analysis

     Litton's motion to remand is premised on two arguments: (1) federal question jurisdiction does not exist; and (2) there is no diversity jurisdiction because the amount in controversy does not exceed $75,000.  As to the former, Litton argues that an unlawful detainer claim is a state law claim based on state statutory procedures.  As such, the claim does not necessitate interpretation of federal law and therefore there is no federal question jurisdiction.  To the extent Villegas alleges that Litton violated various federal statutes (i.e. Federal Debt Collection Practices Act, Real Estate Settlement Procedures Act, civil rights statutes) and the constitution, these are merely affirmative defenses that may not be considered part of the pleadings for the purpose of determining whether a federal question exists.  As to the latter, Litton points out that damages are expressly limited to less than

$10,000 in this case, and no collection of any debt is involved.  Thus, the amount in controversy is not satisfied.

1. <u>Federal Question Jurisdiction</u>

For this court to have federal question jurisdiction, plaintiff's case must arise under federal law.  28 U.S.C. § 1331.  "A case 'arises under' federal law within the meaning of § 1331 if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"  <u>Proctor v. Vishay Intertechnology Inc.</u>, 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting <u>Empire Healthchoice Assurance, Inc. v. McVeigh</u>, 547 U.S. 677, 689-90 (2006).  Pursuant to the "well-pleaded complaint" rule, "the federal question on which jurisdiction is premised cannot be supplied via a defense; rather, the federal question must 'be disclosed upon the face of the complaint, unaided by the answer.'" <u>Provincial Gov't of Marinduque v. Placer Dome, Inc.</u>, 582 F.3d 1083, 1086 (9th Cir. 2009) (quoting <u>Phillips Petroleum Co. v. Texaco, Inc.</u>, 415 U.S. 125, 127-28 (1974)).

Here, plaintiff's complaint is grounded in California state law.  The complaint asserts only a single cause of action for unlawful detainer based upon California Code of Civil Procedure section 1161a.  Further, plaintiff's right to relief on the unlawful detainer claim does not depend on the resolution of a substantial question of federal law.  Rather, plaintiff is entitled to judgment upon establishing that the Property was sold in accordance with California Civil Code section 2924 and that the requisite three-day notice to quit to defendant was served as required in California Code of Civil Procedure section 1161a. <u>Evans v. Superior Court</u>, 67 Cal. App. 3d 162, 168 (1977).  Accordingly, the complaint lacks any federal claims.

Defendant's answer, and thereby his asserted violations of federal law, should not be considered for purposes of determining federal question jurisdiction.  Not only are they barred from consideration by the well-pleaded complaint rule, but because the scope of the unlawful detainer proceedings are limited, cross-complaints and counterclaims are not even allowed.  <u>Knowles v. Robinson</u>, 60 Cal. 2d 620, 626-27 (1963).  Due to the absence of a

federal claim or a substantial question of federal law, defendant Villegas has not met his burden of establishing federal question jurisdiction under 28 U.S.C. § 1331.

2. <u>Diversity Jurisdiction</u>

Federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332. Here, since diversity of citizenship is satisfied – defendant is a citizen of California and plaintiff is a citizen of Delaware and/or Texas – the only issue as to diversity jurisdiction is thus whether defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. <u>Sanchez</u>, 102 F.3d at 404.

He has not. Plaintiff's complaint seeks less than $10,000, as stated prominently on the face of the complaint. Unlawful Detainer, Complaint at ¶ 1. In unlawful detainer actions, moreover, the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy. Here, these damages are less than $75,000. In unlawful detainer actions such as this one, California courts have noted that "'the right to possession alone [is] involved'" – not title to the property. <u>Evans</u>, 67 Cal. App. 3d at 170 (quoting <u>Cheney v. Trauzettel</u>, 9 Cal. 2d 158, 159 (1937)) (holding that in unlawful detainer actions, title may only be litigated as to whether the purchaser at a trustee's sale acquired the title in compliance with Cal. Code Civ. Proc. 1161a and the deed of trust). Since this unlawful detainer cause of action is concerned only with the possession of the Property, damages are limited to those incident to the unlawful detention of said Property. In terms of such damages, plaintiff's complaint alleges damages for what it considers to be the reasonable value for the use and occupancy of the Property. Plaintiff seeks $60 per day from expiration of the notice to vacate, October 19, 2010, through the date of which defendant relinquishes possession. Because these damages sought from the unlawful possession of the Property do not exceed $75,000 (thus far, they would total approximately $5,700), this Court lacks diversity jurisdiction under 28 U.S.C. § 1332.

## CONCLUSION

In accordance with the foregoing, the court hereby GRANTS plaintiff's motion to remand.

**IT IS SO ORDERED**.

Dated: January 21, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge